UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WEI ZHONG GUO, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-04208-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS UNRUH ACT CLAIM**<br><br>Re: Dkt. No. 20 |

Pending before the Court is Defendants' motion to dismiss.[1]  Dkt. No. 20.  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).  For the reasons detailed below, the Court **GRANTS** the motion.

I.  **BACKGROUND**

Plaintiff, who uses a walker, alleges that he visited Defendants' restaurant four times and encountered architectural barriers that interfered with his access to the business.  *See generally* Dkt. No. 4 ("FAC").[2]  Specifically, Plaintiff identified access issues with the sidewalk to the front entrance, the dining seating, the path to the restroom, and the space inside the restroom.  *Id.* ¶¶ 3–4.  Plaintiff brings causes of action for violations of Title III of the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act, and other state laws.  *Id.*

---

[1] Defendant Wei Zhong Guo filed the initial motion to dismiss. The remaining defendants have since joined the motion. *See* Dkt. No. 30.

[2] The Court **DENIES** Defendants' requests for judicial notice, filed after the reply. "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Civ. L.R. 7-3(d). Although counsel "may bring to the Court's attention a relevant judicial opinion published after the date the . . . reply was filed," the filings do not comply with the Rule's requirements. *See id.* (explaining that counsel may file a "Statement of Recent Decision" that contains a citation to the opinion "without argument"). Further, one of the filed decisions was published *before* the reply was filed.

¶¶ 18–71.  Defendants ask the Court to decline to exercise supplemental jurisdiction over the state law claims.  *See* Dkt. No. 20 at 3.

## II.  LEGAL STANDARD

When a federal court has original jurisdiction over a claim, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  State law claims are part of the "same case or controversy" as a federal claim when they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  *Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).  However, a court may decline to exercise supplemental jurisdiction in "exceptional circumstances" where there are "compelling reasons" for doing so.  28 U.S.C. § 1367(c)(4).  A Court invoking this exception must (1) "articulate why the circumstances of the case are exceptional" under § 1367(c)(4) and (2) consider the *Gibbs* values of "economy, convenience, fairness, and comity."  *Arroyo v. Rosas*, 19 F.4th 1202, 1210–11 (9th Cir. 2021) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997)).

## III.  DISCUSSION

Relying on the Ninth Circuit's reasoning in *Arroyo*,  Defendants move to dismiss Plaintiff's state claims.  Defendants argue that California's interest in enforcing its modified disability discrimination laws qualifies as an "exceptional circumstance" for declining jurisdiction.  Dkt. No. 20 at 5–6.  The Court agrees.

Under California law, "high-frequency litigants" who file Unruh Act claims are required to plead additional facts and pay an additional filing fee.  *See Vo v. Choi*, 49 F.4th 1167, 1169–70 (9th Cir. 2022).  In *Arroyo*, the Ninth Circuit held that litigants evading these requirements by filing in federal court constituted an "extraordinary circumstance" that threatened to unsettle federal-state comity.  19 F.4th at 1213.  The court reasoned that retaining supplemental jurisdiction over ADA-based Unruh Act claims would "substantially thwart California's carefully

crafted reforms" and "deprive state courts of their critical role in effectuating the policies underlying those reforms." *Id.*

Here, Plaintiff's case reflects the "exceptional circumstance" defined in *Arroyo*: by filing an ADA-based Unruh Act claim and related state claims in federal court, he has evaded the "critical limitations" on damages under the Unruh Act. *See id.* Plaintiff concedes that he is a "high-frequency litigant" who would be subject to California's procedural standards. *See* FAC ¶ 70. And unlike in *Arroyo*, where interests in judicial economy, convenience, comity, and fairness supported retaining jurisdiction because the district court had fully adjudicated both the federal and state claims, this case is still in its early stages. *See Arroyo*, 19 F.4th at 1205. Thus, the *Gibbs* values support declining to exercise supplemental jurisdiction in this case. *See, e.g.*, *Garcia v. Maciel*, No. 21-CV-03743-JCS, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022); *Whitaker v. Ben Bridge-Jeweler, Inc.*, No. 21-cv-00808-EJD, 2022 WL 824232, at *3 (N.D. Cal. March 18, 2022*); *Whitaker v. Alice & Olivia California Holdings LLC*, No. 21-cv-08106-VC, 2022 WL 1135088, at *1 (N.D. Cal. April 18, 2022); *Johnson v. Constantia Cap. Ltd.*, No. 22-CV-01456-RS, 2022 WL 3925290, at *2 (N.D. Cal. Aug. 30, 2022).

Plaintiff argues that he is not as litigious as other high-frequency litigants and that he has met California's heightened pleading requirements. *See* Dkt. No. 25. ¶¶ 16, 17. Plaintiff also contends that he is not motivated by quick cash settlements, the purported concern underlying California's reforms, and seeks to meaningfully address the accessibility barriers. *Id.* ¶¶ 18, 22. The Ninth Circuit has already rejected these arguments. In *Vo*, the court concluded that forcing district courts to determine these "threshold" issues would deprive state courts of their role in enforcing the California reforms and "run afoul of the *Gibbs* values—especially comity." *See* 49 F.4th at 1173–74.

Therefore, the Court finds that this case presents an exceptional circumstance under 1367(c)(4), and that the values of economy, convenience, comity, and fairness weigh in favor of declining jurisdiction over Plaintiff's state claims.

## IV. CONCLUSION

Defendants' motion to dismiss Plaintiff's Unruh Act claim and other related state claims is **GRANTED**, and those claims are dismissed without prejudice to refiling in state court. The Court **SETS** a telephonic case management conference for April 4, 2023 at 2:00 p.m. The Court further **DIRECTS** the parties to submit a joint case management statement by March 28, 2023. All counsel shall use the following dial-in information to access the call:

Dial-in: 888-808-6929

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. All attorneys appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the CRD.

**IT IS SO ORDERED.**

Dated: 3/13/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge